THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| TROY OGLESBY, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil No. 05-5909(RBK) |
| : | |
| TOWNSHIP OF CHERRY HILL, et. al., : | |
| : | |
| Defendants. : | |

REPORT AND RECOMMENDATION REGARDING
THE DISMISSAL OF PLAINTIFF'S COMPLAINT PURSUANT
TO FED. R. CIV. P. 16(f) and 41 (b)

This matter has been raised *sua sponte* by the Court because of Plaintiff's failure to comply with this Court's scheduling and discovery Orders. For the reasons to be discussed, it is respectfully recommended that Plaintiff's Complaint be dismissed pursuant to Fed. R. Civ. P. 16(f) and 41(b). This Report and Recommendation is issued pursuant to 28 U.S.C. §636(b)(1). The Court makes the following findings in support of this Recommendation.

**Background**

Plaintiff filed his *pro se* Complaint on December 21, 2005 [Doc. No. 1]. As part of its efforts to manage this case, this Court scheduled an in-person status conference on March 9, 2007. [Doc. No. 15]. Plaintiff did not appear at the conference. On March 9, 2007, the Court scheduled an in-person status conference for April 27, 2007. [Doc. No. 18 at ¶4]. Plaintiff also did not appear at the April 27, 2007 conference. The Court's Scheduling Orders noted, **"FAILURE TO APPEAR WILL LEAD TO THE IMPOSITION OF SANCTIONS, INCLUDING COSTS."** Also, **"THE FAILURE OF A PARTY OR ATTORNEY TO**

**OBEY THIS ORDER MAY RESULT IN IMPOSITION OF SANCTIONS UNDER FED. R. CIV. P. 16(f).**" On May 2, 2007, this Court issued an Order to Show Cause to Plaintiff [Doc. No. 22] and directed that he appear in court on May 30, 2007 to show cause why he should not be sanctioned for his unexcused failure to appear at the in-person status conferences scheduled on March 9 and April 27, 2007.  Plaintiff again failed to appear.  On June 22, 2007, this Court issued a second Order to Show Cause to Plaintiff [Doc. No. 25] and directed that he appear in court on July 31, 2007 to show cause why he should not be sanctioned for his unexcused failure to appear at the in-person status conferences scheduled on March 9 and April 27, 2007, and the May 30, 2007 Order to Show Cause hearing. The June 22, 2007 Order to Show Cause also provided:

> **FAILURE TO APPEAR** in response to this Order to Show Cause will result in the imposition of sanctions.  If plaintiff does not appear in response to this Order, this will indicate to the Court that plaintiff has abandoned his case.  The Court will thereafter recommend that this case be dismissed.

In addition, this Court's March 9, 2007 Order directed Plaintiff to serve his Rule 26 disclosures by April 2, 2007.  Defense counsel has represented that Plaintiff has not served his initial disclosures.

**Discussion**

Pursuant to Fed. R. Civ. P. 16(f), if a party fails to obey a Scheduling or Pretrial Order, or if no appearance is made on behalf of a party at a Scheduling or Pretrial Conference, "the Judge, upon motion or the Judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D)."  Rule 37(b)(2)(C) provides that a court may enter an Order dismissing an action.  See, e.g., Hoxworth v. Blinder, Robinson & Co., Inc., 980 F.2d 912, 919 (3d Cir. 1992).  The Third Circuit has also recognized

that courts have the inherent equitable power to dismiss actions for failure to prosecute, contempt of court or abuse of litigation practices. Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1179 n. 15 (3d Cir. 1993).

In Poulis v. State Farm & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984), the court identified six (6) factors to evaluate when deciding whether the sanction of dismissal is appropriate. The Poulis factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) whether there has been a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of alternative sanctions; and (6) the meritoriousness of the claim or defense. Id. at 868. The decision whether to dismiss is left to the court's discretion. Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003). No particular Poulis factor is controlling and dismissal can be granted even when some of the factors are not met. Hoxworth, 980 F.2d at 919. In extreme circumstances, it is not necessary to engage in a Poulis analysis before a party's pleading may be dismissed. See Spain v. Gallegos, 26 F.3d 439, 454-55 (3d Cir. 1994) (Poulis balancing not necessary if a plaintiff willfully refuses to prosecute her claims). See also Schwartz v. Aetna Life Ins. Co., Civil No. 06-3174 (DMC), 2007 WL 1797647, at *3 (D.N.J. 2007). Nevertheless, the Court will conduct a Poulis balancing based on the facts of record.

As to the first factor in Poulis, it is plain that the responsibility for the failure to appear at court conferences and to produce his Rule 26 disclosures lies with Plaintiff. Plaintiff is acting *pro se* so he cannot blame his failure to comply with Court Orders on anyone but himself. As to the second Poulis factor, there is no question that Defendants are prejudiced by Plaintiff's failure to comply with this Court's Orders. Defendants have been deprived of the opportunity to obtain relevant discovery to defend this action and to bring the case to a prompt resolution. Third, there

is a history of dilatoriness on Plaintiff's part. Plaintiff has ignored the Court's efforts to effectively manage this case by not appearing at Court ordered conferences. Plaintiff has also ignored this Court's Order directing him to serve his Rule 26 disclosures, and to appear in response to two (2) Orders to Show Cause. As to the fourth Poulis factor, Plaintiff's actions have clearly been "willful." This is not a case where Plaintiff's failure to comply with the Court's Orders resulted from neglect, inadvertence or mistake. Plaintiff has been served with all of the Court's Orders and his actions demonstrate that he has no intent to continue the prosecution of this case. Regarding the fifth Poulis factor, this Court does not believe there is an available alternative sanction to compel Plaintiff to comply with this Court's Orders. Plaintiff has been given several opportunities to appear before this Court, but has failed to appear. The last Poulis factor to consider is whether Plaintiff's claim is meritorious. In considering whether a claim or defense is meritorious, a summary judgment standard is not used. Poulis, 747 F.2d at 869-70. Instead, a "claim or defense will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff...." Id. In order to give Plaintiff the benefit of any doubt, the Court will assume for purposes of this Recommendation that Plaintiff's complaint is meritorious.

      This Court recognizes that dismissal is a drastic sanction which is reserved for the most extreme cases. Id. at 867-68. Nonetheless, based on the foregoing, this Court believes dismissal is appropriate. Plaintiff ignored numerous Court Orders and his conduct has manifested his unequivocal intention to abandon the prosecution of this case. Accord Gonzales-Cifuentes v. United States Dep't of Homeland Sec., C.A. No. 04-4855(WHW), 2007 U.S. Dist. LEXIS 42024 (D.N.J. 2007); Jackson Hewitt, Inc. v. Adams, C.A. No. 04cv3610 (DMC), 2006 WL 1457989 (D.N.J. 2006); Laurel v. Costco Wholesale Corp., C.A. No. 03-4825(DMC), 2006 WL 3676239

(D.N.J. 2006).

The Court also notes that it is appropriate to dismiss this case pursuant to Fed. R. Civ. P. 41(b), which provides that a court may dismiss an action because of a Plaintiff's failure to prosecute "or to comply with these rules or any order of court, ...."  As noted in Opta Systems, LLC v. Daewoo Electronics America,  483 F.Supp.2d 400, 404 (D.N.J. 2007), the failure to prosecute does not require that a party take affirmative steps to delay the case.  Instead, a "failure to comply with court orders, failure to respond to discovery or other failure to act is sufficient to constitute lack of prosecution." Id.  See also Gonzales-Cifuentes, supra.

For all the foregoing reasons, and for good cause shown, it is this 17th day of August, 2007, respectfully recommended that Plaintiff's Complaint be dismissed pursuant to Fed. R. Civ. P. 16(f) and 41(b).  Pursuant to Fed. R. Civ. P. 72 and L. Civ. R. 72.1(a)(2), the parties shall have ten (10) days from the date of service of this Order in which to file any objections with the court.


/s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge